IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FLETCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:25-CV-1301 |
| v. | ) |
| | ) |
| THOMAS J MALONEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court are Defendants Thomas J Maloney and the Pennsylvania State Police's motion to dismiss (ECF 7) and supporting brief (ECF 8), Mr. Fletcher's supplemental brief in response to Mr. Maloney and the Pennsylvania State Police's motion to dismiss (ECF 14), Mr. Fletcher's motion for judicial notice of adjudicative facts (ECF 15), and Mr. Fletcher's motion to compel discovery (ECF 16). After reviewing the parties' arguments, the Court grants Mr. Maloney and the Pennsylvania State Police's motion to dismiss (ECF 7) and denies Mr. Fletcher's motions for judicial notice of adjudicative facts (ECF 15) and to compel discovery (ECF 16).

As to Mr. Fletcher's specific claims, the Court dismisses his official capacity claims, with prejudice, against Defendant Thomas Maloney and Defendant Pennsylvania State Police because such claims are barred by the Eleventh Amendment. *See Durham v. Dep't of Corr.*, 173 F. App'x 154 (3d Cir. 2006) (holding that the Pennsylvania Department of Corrections was immune from inmate's civil rights suit under the Eleventh Amendment and individual corrections officers were immune from inmate's civil rights suit under the Eleventh Amendment to the extent that they were being sued in their official capacities).

The Court dismisses Mr. Fletcher's Fourth Amendment claim against Mr. Maloney without prejudice and with leave to amend because, at present, Mr. Fletcher has failed to plead sufficient facts to state a claim for relief. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (complaint must at least have "enough facts to state a claim to relief that is plausible on its face"). As noted, the Court grants Mr. Fletcher leave to amend his complaint in this respect because it finds that the Fourth Amendment claim is not futile.

Finally, the Court denies Mr. Fletcher's motions for judicial notice of adjudicative facts (ECF 15) and to compel discovery (ECF 16). The Court denies the motion for judicial notice of adjudicative facts (ECF 15) because the Court finds that the facts presented in Mr. Fletcher's motion may be subject to reasonable dispute. *See* Fed. R. of Evid. 201(b). The Court denies the motion to compel discovery (ECF 16) because this case has not yet proceeded to discovery. The Court will issue a discovery schedule typically after any Rule 12 motions have been resolved.

\* \* \*

**AND NOW**, this 22nd day of January, 2026, it is hereby **ORDERED** that Defendants Thomas J Maloney and the Pennsylvania State Police's motion to dismiss (ECF 7) is **GRANTED** and Mr. Fletcher's motions for judicial notice of adjudicative facts (ECF 15) and to compel discovery (ECF 16) are **DENIED**. Any amended complaint must be limited to the Fourth Amendment claim against Mr. Maloney, must include more detailed factual allegations, and must be filed by February 23, 2026. If no amended complaint is filed by that date, the Court will convert the dismissal to one with prejudice.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

cc:
Anthony Fletcher
QP-4873
SCI Albion
10745 Route 18
Albion, PA 16475-0001